MATHIS YUSKA, PLAINTIFF-APPELLANT, v. THE ESTATE OF JOHN YUSKA, DEFENDANT-RESPONDENT.

MARGARET LESKO, ADMINISTRATRIX AD PROSEQUENDUM OF STEVE LESKO, DECEASED, PLAINTIFF-APPELLANT, v. THE ESTATE OF JOHN YUSKA, DEFENDANT-RESPONDENT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellants, *John E. Toolan.*

For the respondent, *McCarter & English.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. These actions were tried together. Both were for damages growing out of the same

happening alleged to have resulted from the negligent operation of a motor car by John Yuska in which Mathis Yuska received personal injuries and Steve Lesko was killed as was also John Yuska, the operator of the vehicle.

The summons and complaint in each case, as appears from a statement in appellants' brief "were served on December 8th, 1931, upon Anna Yuska, the mother of John Yuska, a person above the age of fourteen years, at her residence and usual place of abode * * *."

Answers were filed in each case containing under the title "objections in point of law," the following:

"Defendant reserves the right at or before the trial of this cause to move against the complaint in point of law on the ground that it sets forth no cause of action."

At the conclusion of the plaintiffs' case the attorney for the defendant moved a nonsuit, upon the ground, among others, "that there is no defendant here; there is no suit * * *. In other words, that the plaintiff does not state a cause of action against *a defendant*." Before ruling upon this motion the trial judge was requested by the attorney for the plaintiffs to permit an amendment to "the complaint so that we might add as a proper party the administrator of the estate."

At the time of the trial no letters testamentary or of intestacy had been issued upon the estate of John Yuska. The amendment applied for could not then have been made and the statute of limitations had run against both causes.

The trial court denied the motion to amend and granted the motion for nonsuit.

The plaintiffs appeal to this court from the judgment said to have been entered against them. All that appears in the record is the *postea* of the Circuit Court judge before whom the causes were heard. We might well, from this lack of showing of judgment entered, dismiss the appeal. We have repeatedly, but without appreciable success, called the attention of counsel and litigants that without a showing in the record of a judgment toward which the appeal is directed there is nothing before the court that can be reviewed. But we pass to the merits.

There are two grounds of appeal:

1. That the trial judge erred in granting the nonsuit; and

2. That the trial judge erred in refusing to grant the motion to amend.

Although appellants in their brief appear to argue only the question of refusal to amend yet it and the direction of a nonsuit are so closely akin that we have considered both. Considering them in their inverse order we can find no error in refusing to permit the proposed amendment. If permitted it could not avail plaintiffs because it was to name the administrator of the estate of John Yuska, deceased, as the party defendant. At the time there was no such representative and there was no application for a postponement so that an administrator could be appointed. Admittedly the actions against "the estate of John Yuska" were improper and brought no one into court as a proper party defendant. We need not, and do not pass upon the question whether an amendment could have been permitted in these causes naming the administrator as a party defendant after the statute of limitations had run.

There was, therefore, no error in refusing to permit the amendment nor was there any in granting the motion to nonsuit because there was before the court no party defendant.

We have not overlooked the insistence of the respondent that the application to amend is addressed to the sound discretion of the trial court and rulings thereon will not be disturbed except upon clear proof that the discretion was improperly exercised.

*Waton* v. *Detroit Fidelity and Surety Co.,* 109 *N. J. L.* 71. It is enough to say that in the cause before us no abuse of discretion appears.

The judgments (if any there be) are affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.